UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY GASTON HARRELL,

    Plaintiff,

v.                              Case No. 4:22-cv-230-MW/MJF

KIRKLAND,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Because Plaintiff Anthony Gaston Harrell has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On June 22, 2022, Harrell, a pretrial detainee proceeding *pro se*, initiated this civil-rights action by filing a six-page handwritten complaint. Doc. 1. On June 24, 2022, because Harrell's complaint was not on the court-approved form and he did not pay the $402.00 filing fee or file a motion for leave to proceed *in forma pauperis*, the undersigned ordered Harrell (1) to file a notice of voluntary dismissal or an amended complaint on the court-approved form, and (2) to pay the $402.00 fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 3. The undersigned imposed a deadline of July 25, 2022 to comply.

The undersigned warned Harrell that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules. Harrell did not comply with the undersigned's order.

On August 25, 2022, the undersigned ordered Harrell to explain and show cause why he failed to comply with the undersigned's order of June 24, 2022. Doc. 6. The undersigned imposed a deadline of September 15, 2022 to comply. The undersigned again warned Harrell that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules. As of the date of this report and recommendation, Harrell has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556

F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

A court also may dismiss an action for failure to pay the filing fee. *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On June 24, 2022, the undersigned ordered Harrell to file a notice of voluntary dismissal or an amended complaint, and to pay the $402.00 fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 3. Despite having *more than three months* to comply with the undersigned's order, Harrell has not paid the $402.00 fee or prosecuted this action in any respect. He also has not complied

with the undersigned's order to show cause. For these reasons, this action should be dismissed without prejudice.[1]

### III. CONCLUSION

Because Harrell has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 29th day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must**

---

[1] One order issued by the undersigned was returned to the clerk of the court as "undeliverable." Doc. 4. But that does not alter the undersigned's recommendation. Harrell is responsible for keeping this court apprised of his current address, and his failure to do so here further evidences his failure to prosecute this action. *See* Doc. 3 at 3-4. Additionally, the clerk of the court remailed the "undeliverable" order to an updated address for Harrell. Doc. 5. The remailed order has not been returned to the clerk of the court and Harrell has not responded to the order in any respect.

**serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**